In re Christine M. KELSEY, Debtor.

Bankruptcy No. 98–7511–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 13, 1998.

Jay D. Passer, Tampa, FL, for Debtor.

Douglas Menchise, Clearwater, FL, trustee.

## ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Trustee's Objection to Debtor's Claim of Exemptions. The Court reviewed the Motion, the record and heard argument of counsel and finds as follows:

The Debtor, Christine M. Kelsey, filed her voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on May 6, 1998. Pursuant to Article X, Section 4(a)(2) and Florida Statute § 222.061, the Debtor claimed as exempt on Schedule C, clothing valued at $30.00, miscellaneous pictures and wall hangings valued at $10.00, furniture and household goods valued at $120.00 and a class action suit against Publix up to the value of $660.00.

Clearly, the class action suit is property of the estate under 11 U.S.C. § 541 and the Debtor is not claiming that the entire value of the suit is exempt. Rather, the Debtor claims an exemption of the value of the class action suit up to the amount of $660 and any value over and above $660 is nonexempt property of the estate. On June 12, 1998, the Trustee filed an Objection to Debtor's Claim of Exemptions, objecting to the Debtor's claim of exemption of the class action suit.

The Trustee contends that the Debtor may not claim any portion of the value of the class action suit as part of the $1,000 personal property exemption provided by Article X, § 4(a)(2) of the Florida Constitution.

Article X, § 4(a)(2) of the Florida Constitution provides, in part, "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon ... the following property owned by a natural person: ... (2) personal property to the value of one thousand dollars." Fla. Const. Art. X, § 4(a)(2). Whereas here, "... constitutional language is precise, its exact letter must be enforced and extrinsic guides to construction are not allowed to defeat the plain language." *See Florida League of Cities v. Smith*, 607 So.2d 397, 400 (Fla.1992). The language "personal property to the value of one thousand dollars" is precise and contains no exclusion for general intangible personal property or choses in action. Thus, to the extent that the Debtor does not exceed the $1,000 limit, the Debtor may claim a portion of the value of the class action suit as exempt and the Trustee's Objection should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Debtor's Claim of Exemption be, and the same is hereby overruled. The Debtor's claim of exemption of the class action lawsuit against Publix to the value of $660.00 is hereby allowed. To the extent that the value of the class action lawsuit exceeds $660.00, the class action lawsuit is nonexempt property of the estate, subject to administration by the Trustee.